ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KENNETH DUNHAM and MARTHA DUNHAM )
)
    *Plaintiffs,* )
)
v. )
)
COVIDIEN LP, )
)
    *Defendant.* )

Case No. 1:19-cv-02851

Judge Louis L. Stanton

Magistrate Judge Debra C. Freeman

**JOINT APPLICATION FOR APPOINTMENT OF COMMISSIONER AND PRIVACY MONITOR, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION TO MINISTÈRE DE LA JUSTICE FOR AUTHORIZATION OF THE DULY APPOINTED COMMISSIONER AND PRIVACY MONITOR TO TAKE EVIDENCE PURSUANT TO CHAPTER II, ARTICLE 17 OF THE HAGUE CONVENTION**

Pursuant to Local Civil Rule 37.2 and Federal Rule of Civil Procedure 29, Plaintiffs Kenneth and Martha Dunham and Defendant Covidien LP hereby submit the following Joint Application, Memorandum in Support, and Proposed Order (1) appointing a Commissioner to take French evidence in this matter and appointing a Privacy Monitor to assist the parties in satisfying French data protection laws, and (2) issuing an Application to the Ministere de la Justice for Authorization of Duly Appointed Commissioner and Privacy Monitor for the Purpose of Taking Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 ("French Application").

The research, development, and manufacture of ProGrip Laparoscopic Self Fixating Mesh and Parietex Optimized Composite Mesh, the two hernia mesh products at issue in this litigation, took place at Defendant's subsidiary, Sofradim Production ("Sofradim"). Sofradim is a French company with its principal place of business at 116 Avenue Du Formans, Trevoux,

1

France 01600, and Sofradim's documents and custodians are located in Trevoux, France. Defendant contends that French law requires that discovery be conducted pursuant to Hague Convention procedures. This Court's appointment of a Commissioner under Chapter II, Article 17 of The Hague Convention and appointment of a Privacy Monitor to assist the parties in satisfying French personal data protection laws, along with the French Application seeking approval from the relevant French authority, is a procedurally appropriate and expedient method in which to obtain foreign documents and information from Defendant intended to provide comity and compliance with French law. The parties anticipate that the streamlined procedure set forth in this application, which are permitted under Chapter II, Article 17 of The Hague Convention, will allow the production of documents with the least delay and expense.

The Parties, by and through their counsel, agree to the following regarding the production of documents in response to requests for production of documents propounded by Plaintiffs in this matter:

1. The production of documents is subject to the terms of the Stipulated Protective Order and Stipulation and Order Regarding the Collection and Production of Documents and Electronically Stored Information ("ESI Protocol"), previously agreed upon by the Parties, and entered by the Court on November 5, 2020.

2. The production of documents is subject to this Court's approval of the Joint Application, and the issuance of the proposed French Application, the form filed concurrently with this application.

3. Alexander Blumrosen is to be appointed, pending the approval of the Ministère de la Justice of France and subject to the terms and limitations of the French Application: (a) as the Commissioner to take evidence in the above-entitled action by receiving documents located in

France from Defendant and transmitting the documents to counsel for Defendant, and (b) to the extent "personal data" would be disclosed under French law, as the Privacy Monitor to assist the parties in satisfying French personal data protection laws, in liaison with the French personal data protection authority (CNIL). Under French law, personal data is generally defined as any information relating to an identified or identifiable natural person, i.e. any information on the basis of which it is possible to identify a person, such as a name, a phone number, an IP address, a physical address etc. Counsel for Defendant will provide such responsive, non-privileged documentation as are agreed to by the Parties or as ordered by this Court in this matter. This appointment is not intended to authorize Alexander Blumrosen to determine the scope of documents to be produced by Defendant.

4. The signed Proposed Order and signed French Application will be given to counsel for Defendant, who will file both documents, along with French translations of all documents, with the Ministère de la Justice, Directions des Affaires Civiles et du Sceau, Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP) 13, Place Vendôme, 75042 Paris Cedex 01, France.

5. Counsel for the Parties will use their best efforts to obtain, as soon as possible after entry of the Proposed Order, authorization by the Ministère de la Justice, for the Commissioner and Privacy Monitor to take evidence in accordance with the terms and limitations of the French Application and to assist the Parties in satisfying French personal data protection laws, in liaison with the CNIL.

6. Neither the entry of the Proposed Order, the production of documents pursuant to Chapter II of The Hague Convention, nor the terms of the French Application shall constitute or operate as a waiver of the attorney-client privilege, the work product doctrine, or any other

privileges, rights, protections, or objections that may apply to that evidence under the laws of France, or of the United States. Documents withheld on the basis of any privilege shall be so identified in an appropriate privilege log in accordance with the Parties' ESI Protocol, the date(s) of service of such privilege log to be agreed upon by the Parties. Any discovery conflicts arising in connection with any document production made in connection with this Joint Application shall be submitted for resolution, in accordance with the provisions of the Southern District of New York Local Rules and the Federal Rules of Civil Procedure, before this Court.

**IT IS SO STIPULATED**, through Counsel of Record.

| **MARC J. BERN & PARTNERS, LLP** | **DLA PIPER LLP (US)** |
|---|---|
| By: */s/ Alexandra Colella*<br>Alexandra Colella, Esq.<br>One Grand Central Place<br>60 East 42nd Street, Suite 950<br>New York, New York 10165<br>Tel: (212) 702-5000<br>Fax: (212) 818-0164<br>acolella@bernllp.com<br><br>Attorney for Plaintiffs | By: */s/ Jessica C. Wilson*<br>Jessica C. Wilson<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>Tel: (617) 406-6000<br>Fax: (617) 406-6100<br>jessica.wilson@dlapiper.com<br><br>Attorney for Defendant |
| Dated: December 7, 2020 | Dated: December 7, 2020 |

**IT IS ORDERED** that the forgoing Stipulation is approved.

December 10, 2020

*Louis L. Stanton*
Judge Louis L. Stanton
U.S. District Court
Southern District of New York