

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DUNHAM and MARTHA DUNHAM,<br><br>*Plaintiffs*,<br><br>v.<br><br>COVIDIEN LP,<br><br>*Defendant*. | Case No. 1:19-cv-02851<br><br>Judge Louis L. Stanton<br><br>Magistrate Judge Debra C. Freeman |

LLS

[~~PROPOSED~~] ORDER GRANTING JOINT APPLICATION FOR APPOINTMENT OF COMMISSIONER AND PRIVACY MONITOR, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION TO MINISTÈRE DE LA JUSTICE FOR AUTHORIZATION OF THE DULY APPOINTED COMMISSIONER AND PRIVACY MONITOR TO TAKE EVIDENCE PURSUANT TO CHAPTER II, ARTICLE 17 OF THE HAGUE CONVENTION

Upon review and consideration of the Joint Application for Appointment of Commissioner and Privacy Monitor, and Direction of Submission of Hague Convention Application for Authorization of the Duly Appointed Commissioner and Privacy Monitor to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970, the Court **HEREBY ORDERS**:

1. The Joint Application for Appointment of Commissioner and Privacy Monitor, and Direction of Submission of Hague Convention Application for Authorization of the Duly Appointed Commissioner and Privacy Monitor to Take Evidence Pursuant to Chapter II, Article 17 of The Hague Convention of 18 March 1970 is approved;

2. The Application for Authorization of Duly Appointed Commissioner and Privacy Monitor for the Purpose of Taking Evidence Pursuant to Chapter II, Article 17 of The Hague

Convention of March 1970 ("French Application") is issued at the Court's Request and is incorporated herein;

3. Alexander Blumrosen is hereby appointed, pending the approval of the Ministère de la Justice of France and subject to the terms and limitations of the French Application, and other provisions of this Order, (a) as the Commissioner: 1) to take evidence in the above-captioned action to the extent such evidence is agreed by the parties or ordered by this Court, 2) to receive documents agreed by the parties or ordered by this Court to be produced from Sofradim Production SAS located in France, and to transmit the documents to counsel for Defendant (for further submission to counsel for Plaintiff), and 3) to be present at any depositions, including those taken pursuant to Federal Rule of Civil Procedure 30(b)(6), involving Defendant's employees located in France to observe those proceedings for the taking of evidence, and (b) to the extent "personal data" would be disclosed under French law, as the Privacy Monitor to assist the parties in satisfying French personal data protection laws, in liaison with the French personal data protection authority (CNIL);

4. This signed Order and signed French Application will be given to counsel for Defendant, who will file both documents, along with French translations of both documents including Exhibits 1-3 attached to the French Application, with the Ministère de la Justice, Directions des Affaires Civiles et du Sceau, Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP) 13, Place Vendôme, 75042 Paris Cedex 01, France;

5. After the signing of this Order, Counsel for the parties will use their best efforts to obtain permission by the Ministère de la Justice to Authorize the Commissioner and Privacy Monitor to Take Evidence Pursuant to Chapter II, Article 17 of The Hague Convention as soon as possible;

6. After the Ministère de la Justice authorizes the Commissioner to take evidence as is set forth in the Request for Application for Authorization, Defendant shall produce such relevant, non-privileged documentation, responsive to discovery propounded by Plaintiff, as agreed by the parties or as ordered by this Court and subject to the terms of the Stipulated Protective Order and Stipulated ESI Protocol previously entered by the Court;

7. Upon the Ministère de la Justice's authorization of the Commissioner and Privacy Monitor to act in accordance with the terms of the French Application, depositions of Defendant's employees in France will be taken in France at a location to be determined by Defendant;

8. This Order is not intended to, and shall not, confer upon the Commissioner the authority to determine the scope of documents required to be produced by Defendant, or the scope of questions permitted to be asked by Plaintiff and required to be answered by Defendant;

9. Neither this Order, the production of documents pursuant to Chapter II of The Hague Convention, the testimony to be provided by representatives of Defendant at deposition, nor the terms of the French Application shall constitute or operate as a waiver of the attorney-client privilege, the work product doctrine, French Confidentiality Law or any other privileges, rights, protections, or objections that may apply to that evidence under the laws of France, or of the United States. Documents withheld on the basis of any privilege shall be so identified in an appropriate privilege log, with the date(s) of service of such privilege log to be agreed upon by the parties.

**IT IS SO ORDERED.**

Dated: Dec. 10, 2020

                                                      *Louis L. Stanton*
                                            HON. LOUIS L. STANTON
                                            U.S. District Court
                                            Southern District of New York